IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| MARTY LAMAR BAIRD, | |
| Plaintiff, | CIVIL ACTION NO.: 5:20-cv-10 |
| v. | |
| MRS. DAVIS, et al., | |
| Defendants. | |

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's December 20, 2021 and January 10, 2022 letters. Docs. 38, 39. Defendants filed a response to Plaintiff's January 10, 2022 letter. Doc. 40. For the reasons explained below, I **GRANT** Plaintiff's Motion for Extension and **RECOMMEND** the Court **DENY** Plaintiff's Motion for Preliminary Injunction.

**I.   Plaintiff's Motion for Preliminary Injunction**

In both letters, Plaintiff requests the Court order officials at Coastal State Prison to grant him access to the law library. Docs. 38, 39. He states whenever he requests to go to the law library, "the lady does schedule" him, but the officers do not let him go to the library. Doc. 38. I construe this as a Motion for Preliminary Injunction. However, Plaintiff's Motion is due to be denied, as no First Amendment claim or claim relating to access to the courts is pending in this case.

"A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."

Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); see also Head v. Gammage, CV 316-039, 2018 WL 1920171, at *2 (S.D. Ga. Apr. 24, 2018) (denying plaintiff's request for injunctive relief because the relief seeking computer access was essentially an access to courts claim, whereas plaintiff sued defendants for failure to protect him from a substantial risk of serious harm), *adopted by* 2018 WL 2303726 (S.D. Ga. May 21, 2018); Griego v. Inch, No. 3:17cv66, 2019 WL 2093245, at *2 (N.D. Fla. Apr. 1, 2019) (explaining the relief sought in a preliminary injunction motion should be closely related to the conduct complained of in the complaint). Additionally, the persons from whom the injunctive relief is sought must be parties to the underlying action. Merial Ltd. v. Cipla Ltd., 681 F.3d 1283, 1304 (11th Cir. 2012).

Plaintiff's requests for a preliminary injunction seeking access to the prison's law library is not related to the claim presently pending before the Court, which is an Eighth Amendment deliberate indifference to a serious medical need claim. See Doc. 10. Similarly, the injuries Plaintiff complains of do not relate to the complained-of deliberate indifference to a serious medical need. Finally, Plaintiff has not identified any specific Defendants to enjoin but instead seeks to enjoin non-defendants, Coastal State Prison officials. Even if Plaintiff did seek to enjoin Defendants in this case, Defendants are all employees or former employees of Coffee Correctional Facility and they would not have any control over the matters at Coastal State Prison, where Defendant is currently housed. Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Preliminary Injunction.

II.     **Plaintiff's Motion for Extension**

In addition to expressing his frustrations with his access to the prison's law library, Plaintiff also requests another extension to respond to Defendants' motion for summary

judgment.  Doc. 39.  He requests an extension because of his difficulties accessing the law library and his lack of counsel.  Id.  Defendants oppose an extension, noting Plaintiff has already received two extensions to this deadline and has yet to identify how he plans to respond to their motion.  Doc. 40 at 3.

Rule 6(b) allows courts to extend filing deadlines when a party makes a timely request and shows good cause to do so.  Fed. R. Civ. P. 6(b).  Thus, "[a] request for an extension, made before the expiration of the deadline, should be granted where good cause is shown."  Sensi v. Fla. Officers of Court, 737 F. App'x 433, 436 (11th Cir. 2018); Shepherd v. Wilson, 663 F. App'x 813, 817–18 (11th Cir. 2016); United States v. Johnson, No. 1:05-CR-1, 2011 WL 66044, at *1 (N.D. Fla. Jan. 7, 2011) (denying, in a criminal case, a request for an extension of time to file objections when defendant failed to show good cause).  "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence."  Ashmore v. Sec'y, Dep't of Transp., 503 F. App'x 683, 685 (11th Cir. 2013); Daker v. Dozier, No. 6:18-cv-32, 2019 WL 1421155, at *2–3 (S.D. Ga. Mar. 29, 2019) (denying plaintiff's request for an extension where plaintiff failed to show he was diligent).

Plaintiff requested the extension of the response deadline prior to its expiration on December 31, 2021, so his request is timely.  Furthermore, Plaintiff was transferred to Coastal State Prison prior to the most recent extension of time, doc. 37, and has consistently reported difficulties with law library access while there.  Docs. 38, 39.  For good cause shown, I **GRANT** Plaintiff's Motion for Extension.  Plaintiff must file his response to Defendant's motion **on or before March 2, 2022**.  However, the Court will not grant any further extensions—Defendants

filed this motion for summary judgment in September 2021, and the case must move forward.

**SO ORDERED**, this 4th day of February, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA